IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| | * |
| AMBER AYRES, *et ux.,* | |
| | * |
| Plaintiffs, | |
| v. | *    CIVIL NO.: WDQ-04-CV-4068 |
| | |
| MAYOR AND CITY COUNCIL OF | * |
| THE DISTRICT OF COLUMBIA, | |
| *et al.,* | * |
| | |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION AND ORDER

Amber Ayres (the "Plaintiff"), individually and as wife and guardian of Richard Ayres ("Ayres"), a disabled adult, has sued Darrell Sellers, John Harley, the District of Columbia (the "District"), the Director of the District's Department of Transportation (the "Director"), the Secretary of the United States Department of Transportation (the "Secretary") and the United States of America for negligence in connection with a January 3, 2002 motor vehicle accident. Pending is the District's motion to dismiss or for summary judgment on Counts III and IV or to transfer this lawsuit to the District of Columbia. Also pending is the United States' motion to dismiss Counts V, VI and VII. For the following reasons, the District's motion to dismiss Counts III and IV will be granted. The United States' motion to dismiss Counts V, VI and VII will also be granted.

1

I. Background

On January 3, 2002 Ayres was severely injured in a traffic accident on Interstate 295 ("I-295") in the District of Columbia. Complaint, ¶ 5.  Ayres was driving northbound on I-295 when Darrell Sellers, driving south on I-295, lost control of his car, crossed the median separating northbound and southbound traffic and collided with John Harley in the left lane of northbound I-295.  *Id.*  Harley was killed instantly and his car was propelled into Ayres's vehicle in the right lane.  *Id.*  As a result of the collision, Ayres suffered severe head and facial injuries that have left him disabled.  *Id.*

In Counts III, IV, V and VI of the Complaint, the Plaintiff alleges that Ayres' injuries were the result of the negligence of the District, the Director, the Secretary and the United States in designing, constructing and maintaining I-295.  Specifically, the Plaintiff alleges that the Defendants were negligent in not providing: 1) guardrails or other lane dividers; 2) a median with sufficient size, grade or surface type to prevent cross-over collisions; or 3) warnings of the danger of cross-over collisions.  In Count VII, the Plaintiff alleges that Defendants' negligence resulted in a loss of consortium to Amber Ayres.  Plaintiff seeks $25 million in damages for economic and non-economic damages.

Plaintiff has conceded that Counts IV, VI and VII as to the

United States should be dismissed.  Plaint. Opp. to District's
Mot. to Dismiss, p. 19; Plaint. Opp. to United States' Mot. to
Dismiss, p. 2.  The District has moved to dismiss Count III
pursuant to Federal Rule of Civil Procedure 12(b)(6) and for
summary judgment under Rule 56.  In the alternative, the District
has moved to transfer the case to the District Court for the
District of Columbia pursuant to 28 U.S.C. § 1391(b)(2) and §
1404(a).  The United States has moved to dismiss Count V under
Rule 12(b)(1) for lack of subject matter jurisdiction and for
failure to state a claim under Rule 12(b)(6).

II.  Analysis

A.  The District's Motion to Dismiss or for Summary Judgment

   Under Rule 12(b)(6), a motion to dismiss should be granted "if
it is clear that no relief could be granted under any set of
facts that could be proved consistent with the allegations."
*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (*citing
Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Mylan
Laboratories, Inc. v. Raj Matkari, et. al.*, 7 F.3d 1130, 1134
(4th Cir. 1993).  All allegations are treated as true, and the
complaint is viewed in the light most favorable to the plaintiff.
*Mylan*, 7 F.3d at 1134.

   In deciding a Rule 12(b)(6) motion, the Court will consider
the facts stated in the complaint and any attached documents.

3

*Biospherics, Inc., v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D.Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998)). The Court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action.   *Id*.

The District contends that Count III should be dismissed because: 1) the District is immune from this lawsuit because its actions in designing, constructing and maintaining I-295 were discretionary acts; and 2) Plaintiff failed to notify the District of her intent to sue within six months of the accident as required by D.C. Code § 12-309.


1.  The District's Immunity from Suit

The District argues that highway design, planning and improvement are discretionary governmental functions and that under District law, the District may not be sued for discretionary acts.  Plaintiff argues in response that because the law of the District bars suit against the District, it violates Maryland public policy and therefore cannot be enforced by a Maryland court.  Accordingly, Plaintiff argues for the application of Maryland law.

Maryland follows the traditional rule of *lex loci delicti* in deciding conflict of law questions.  *Motor Club of America Insurance Co. v. Hanifi,* 145 F.3d 170 (4th Cir. 1998); *Benn v. Seventh-Day Adventist Church,* 304 F.Supp.2d 716 (D. Md. 2004);

*Phillip Morris v. Angeletti,* 752 A.2d 200 (Md. 2000); *Hauch v. Connor,* 295 Md. 120 (Md. 1983); *Sherrod v. Achir,* 149 Md. App. 640 (Md. App. 2003).  Maryland courts, therefore, will apply the substantive tort law of the jurisdiction where the wrong occured. *Id.*

Maryland courts may refuse to enforce the law of a foreign jurisdiction when that law violates Maryland public policy. *Hauch,* 295 Md. 120; *Harford Mutual Insurance Co. v. Bruchey,* 248 Md. 669 (Md. 1968); *Black v. Leatherwood,* 92 Md. App. 27 (Md. Ct. Spec. App. 1992); *Linton v. Linton*, 46 Md. App. 660 (Md. Ct. Spec. App. 1980).  Maryland public policy is "no more and no less than what is believed by the courts and the legislature to be in the best interest of the citizens of [Maryland]." *Linton,* 46 Md. App. at 663.  Maryland courts have found that determination of public policy is normally the function of the legislative branch. *Hanifi,* 145 F.3d at 180; *Bethlehem Steel Corp. v. G.C. Zarnas and Co., Inc.* 304 Md. 183, 190 (Md. 1985); *Jones v. Malinowski*, 299 Md. 257, 273 n. 4, 473 A.2d 429 (Md. 1984).

Maryland public policy is not violated when the foreign law is merely different from Maryland law.  *Hanifi*, 145 F.3d at 180; *Bruchey*, 248 Md. at 676.  Instead, the party seeking to overrule the principle of *lex loci delicti* on public policy grounds must carry the "heavy burden" of showing that the foreign law violates

a powerful public policy interest.  *Leatherwood,* 92 Md. App. at 44; *see also Hanifi,* 145 F.3d 170; *Bruchey,* 248 Md. 669; *Jacobs v. Adams,* 66 Md. App. 779 (Md. Ct. Spec. App. 1986).  As a result, Maryland courts have been reluctant to ignore the *lex loci delicti* rule on public policy grounds.  *Leatherwood,* 92 Md. App. at 43 (New Jersey's lack of a cap on non-economic damages not a sufficient violation of Maryland public policy despite Maryland's statutorily imposed cap); *see also Hanifi*, 145 F.3d 170 (New York statute imposing vicarious liability for negligence on owners of cars registered in New York not a sufficient violation of Maryland public policy where Maryland case law required proof of owner's negligence); *Jacobs,* 66 Md. App. 779 (District's no-fault insurance law not a sufficient violation of Maryland public policy where Maryland lacked a no-fault scheme); *Rhee,* 74 Md. App. 214 (New Jersey's lack of interspousal immunity insufficient violation of Maryland public policy where Maryland maintained interspousal immunity); *accord Linton*, 92 Md. App. 27. Maryland courts generally will not overrule the principle of *lex loci delicti* unless there is a contrary Maryland statute. *Hanifi,* 145 F.3d at 180.

Under District of Columbia case law, the District may not be sued for discretionary decisions.  *Pace v. District of Columbia,* 498 A.2d 226, 228 (D.C. 1985); *Wade v. District of Columbia,* 310 A.2d 857 (D.C. 1970).  Discretionary decisions "involve policy

determinations, where no statutory or regulatory requirements limit the exercise of policy discretion." *Pace,* 498 A.2d at 229; *Chandler v. District of Columbia,* 404 A.2d 964, 966 (D.C. 1979). Immunity is vital in this context because of the necessity of freeing policy decisions from jury speculation.  *Id.*

Highway planning and design decisions are considered discretionary in the District and therefore are not a basis for suit.  *Pace*, 498 A.2d at 229; *District of Columbia v. North Washington Neighbors, Inc.*, 367 A.2d 143, 148 n. 7 (D.C. 1976); *Urow v. District of Columbia,* 316 F.2d 351 (D.C. Cir. 1963).  As Plaintiff concedes, Plaintiff could not bring suit against the District under District law.

In contrast, Maryland courts have held that counties and municipalities may be found liable for construction, maintenance and control of their roads.  *Montgomery County v. Vorhees*, 86 Md. App. 294 (Md. Ct. Spec. App. 1991); *Tadger v. Montgomery County*, 300 Md. 539 (Md. Ct. Spec. App. 1984); *Godwin v. County Commissioners of St. Mary's County,* 256 Md. 326 (Md. Ct. Spec. App. 1970).  This liability is an exception to the general rule that counties and municipalities share in the state's immunity from suit.  *Tadjer,* 300 Md. 539.  Accordingly, Plaintiff could likely bring suit against the District under Maryland law.

Given the difference in Maryland and District law,

Plaintiff's ability to bring suit turns on whether District law violates Maryland public policy to an extent sufficient to overrule the principle of *lex loci delicti*.

The choice of law in this case has its greatest effects on the District.  As a matter of public policy, the District has made the decision to bar suits challenging the design of its highways.  Applying Maryland law in all cases in which Maryland residents are injured on District roads undermines this policy, and would allow Maryland law to settle questions of District policy.  In contrast, the decision to apply District law in Maryland does not disturb Maryland's decision to make its counties and municipalities liable for injuries sustained by drivers on its roads.

Although it can be argued that applying District law, and therefore barring Plaintiff from bringing suit, violates Maryland's policy of allowing injured Marylanders to seek recovery for their injuries, Maryland and the District provide substantial immunity for discretionary acts of local government. Although Maryland allows suits against counties and municipalities for highway maintenance and control, this is a narrow exception to Maryland's general rule of immunity and is provided by Maryland case law rather than by statute.  As a result, it is difficult to argue that Maryland's public policy interests are powerful enough to overrule the well established

8

principle of *lex loci delicti.*

Accordingly, the Court will apply the law of the District. As the law in the District bars suits challenging roadway planning and design, the District's motion to dismiss Count III will be granted.


B.  The United States' Motion to Dismiss

In Count V of the Complaint, Plaintiff alleges that the United States was negligent in the design and planning of I-295. Plaintiff has brought suit under the Federal Tort Claims Act (FTCA) which provides a limited waiver of the United States' sovereign immunity for claims grounded in tort.  *Bowman v. United States,* 820 F.2d 1393 (4th Cir. 1987). The United States argues in response that Count V should be dismissed because: 1) Plaintiff's claims are barred for failure to exhaust administrative remedies; 2) Plaintiff's claims are barred by the discretionary function exception to the FTCA; and 3) the United States owed no actionable duty to Plaintiff under District law.


1.  The Discretionary Function Exception to the FTCA

According to 28 U.S.C. 2680(a), the FTCA's waiver of sovereign immunity does not apply to:

the exercise or performance or the failure to exercise or

perform a discretionary function or duty on the part of a
federal agency or an employee of the government, whether or
not the discretion involved be abused.

28 U.S.C. § 2680(a).

The exception is intended to prevent "judicial second-guessing of legislative and administrative decisions grounded in social, economic and political policy." *United States v. Gaubert*, 499 U.S. 315, 323 (1991).

The Supreme Court has established a two-step test to determine whether an action is excepted from the FTCA's waiver of immunity. *Id. Cope v. Scott*, 45 F.3d 445, 448 (D.C. Cir. 1995). First, the governmental action must involve an element of choice. *Id.* Therefore, if a federal statute or regulation specifically prescribes a course of action, the discretionary function exception does not apply. *Id.* Second, assuming that an element of choice is involved, the discretionary acts must be based on considerations of public policy and therefore must involve an exercise of political, social or economic judgment. *Id.*

Plaintiff concedes that her "direct claims for negligent design and construction are barred by § 2680(a)." Plaintiff's Opposition, p. 5. However, Plaintiff maintains that the decision not to install guardrails or warning signs on I-295 was not based on considerations of public policy and therefore was not a discretionary decision excepted from the FTCA.

There is no allegation that the United States controlled or owned I-295.  Apparently the United States provided the District funding for highway construction under the Federal-Aid Highway Act.  23 U.S.C. §§ 101 *et seq.*  Under the Federal-Aid Highway Act states seeking highway funding submit plans, specifications and cost estimates to the Department of Transportation ("DOT") which then decides whether to fund the project.  23 U.S.C. 106(a).  The DOT makes its decision based on the "best overall public interest" and in consideration of the need for "for fast, safe and efficient transportation."  23 U.S.C. 109.  Such a decision is clearly based on considerations of public policy and involves the exercise of political, social or economic judgment.  *Rothrock v. United States,* 62 F.3d 196 (7th Cir. 1995)(DOT decision to fund highway project held to be discretionary in suit involving an accident caused by the absence of a guardrail); *Miller v. United States,* 710 F.2d 656 (10th Cir. 1983)(DOT funding decision discretionary in suit involving an accident caused by a narrow shoulder and the absence of a guardrail); *Daniel v. United States,* 426 F.2d 281 (5th Cir. 1970)(DOT funding decision discretionary in suit involving an accident caused by the design of a lane separator); *First National Bank of Effingham v. United States,* 565 F.Supp. 199 (S.D. Ill. 1983)(DOT funding decision discretionary in suit involving an accident caused by the design of a guardrail and berm).

Accordingly, the Department of Transportation's decision to fund I-295 was discretionary, and as such, is excepted from the FTCA's waiver of sovereign immunity.  Accordingly, Count V of the Complaint will be dismissed.


November 7, 2005                              /s/
Date                              William D. Quarles, Jr.
                                  United States District Judge

12